**LAW OFFICES OF GIHAN THOMAS**
**A Professional Corporation**
**Gihan L. Thomas (SBN 198612)**
**Certified Specialist, Immigration and Nationality Law**
**State Bar of California, Board of Legal Specialization**
**930 Colorado Blvd, Unit #2**
**Los Angeles, CA 90041**
**Telephone     (310) 203-2242**
**Facsimile     (310) 203-2287**

**Attorney For Plaintiff**

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mengyao LIU | Case No.:     3:25-cv-4855 |
| Plaintiff, | |
| v.s. | **COMPLAINT FOR:** |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; SAN FRANCISCO ASYLUM OFFICE; EMILIA BARDINI; KRISTI NOEM; UR M. JADDOU, TED H. KIM; MATTHEW D. EMRICH; AND DOES 1-10, | **1)    DECLARATORY AND INJUNCTIVE RELIEF** <br> **2)    WRIT IN THE NATURE OF IMMIGRATION MANDAMUS** |
| Defendants, | |

By and through her undersigned counsel, Plaintiff; MENGYAO LIU ("Plaintiff") brings this action, individually on behalf of MENGYAO LIU.

1

**INTRODUCTION**

1. This action is brought by Plaintiff Mengyao Liu, by and through her attorney, to request issuance of a writ of mandamus or in the nature of mandamus and/or to compel under the Administrative Procedure Act ("APA") ordering Defendants and those acting under them to process an Application for Asylum and for Withholding of Removal which was received and pending as of June 08, 2020 and which has still not been called for an interview.

2. On January 26, 2020, Plaintiff Mengyao Liu came to the United States on non-immigrant visa and has stayed in the US ever since. On June 08, 2020, Plaintiff submitted an I-589 Application for Asylum and Withholding of Removal to the San Francisco Asylum Office. *See* **(Exhibit A: I-589 Application for Asylum and Withholding of Removal; Exhibit B: I-589 Receipt Notice)**. Plaintiff Mengyao Liu sought asylum in the United States of America based on her past persecution as a victim of Family Planning Policy in China.

3. After submitting her application for asylum, Defendant USCIS instructed Plaintiff Mengyao Liu to present herself for biometric inspection at a designated USCIS Application Support Center on October 16, 2020. *See* **(EXHIBIT C: I-797 Notice of Action- Fingerprint Notification).** Plaintiff Mengyao Liu did appear at the designated Application Support Center on October 16, 2020 and provided her biometric information.

4. After Plaintiff provided her biometrics information, neither Defendant USCIS nor Asylum Office nor any of the other named Defendants communicated with Plaintiff about the exact date her asylum interview would be scheduled. The Plaintiff has been waiting over 5 years for her interview date at this point. Plaintiff has no way of knowing how much longer she will have to wait in order to testify in support of her application for asylum. Plaintiff Mengyao Liu is unable to plan for her future and is forced to endure the constant uncertainty

of the possibility her application will be denied and referred to The Executive Office for Immigration Review (EOIR).

5. Defendants have violated the Administrative Procedures Act ("APA") by failing to schedule Plaintiff's asylum application for an interview which has been pending now for over 5 years. Plaintiff seek to compel Defendants, through a writ of mandamus, to schedule an interview for the pending asylum application.

## **PARTIES**

6. Plaintiff Mengyao Liu is citizen of China. Plaintiff Mengyao Liu came to the United States on non-immigrant visa on January 26, 2020. Plaintiff filed her I-589 Application for Asylum and Withholding of Removal on June 08, 2020.

7. Defendant UNITED STATES DEPARTMENT OF HOMELAND SECURITY (hereinafter "DHS") is an agency of the United States government involved in the acts challenged, employs the officers named as defendants, and includes the U.S. Citizenship and Immigration Services and San Francisco Asylum Office and officers named as defendants in this complaint.

8. Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (hereinafter "USCIS") is an agency of the United States government under DHS, overseeing the San Francisco Asylum Office and officers named as defendants in this Complaint.

9. Defendant SAN FRANCISCO ASYLUM OFFICE (hereinafter "San Francisco Asylum Office") is an office within USCIS and the federal agency with direct authority and responsibility to adjudicate Plaintiff's asylum application.

10. Defendant EMILIA BARDINI (hereinafter "Director Bardini") is the director of the San Francisco Asylum Office. This suit is brought against Director Bardini in her official capacity, as she is charged with overseeing the adjudication of the asylum applications at the San Francisco Asylum Office in a timely manner, and ensuring the efficiency of the officers employed.

11. Defendant KRISTI NOEM (hereinafter "Secretary Noem") is the Secretary of the Department of Homeland Security. This suit is brought against Secretary Noem in her official capacity, as she is charged with the administration and enforcement of all immigration and citizenship laws that are bound in the powers, duties, and functions of the Department of Homeland Security.

12. Defendant UR M. JADDOU (hereinafter "Director Jaddou") is the Director of USCIS, the Agency charged with adjudicating Plaintiff'(s) asylum application. This suit is brought against Director Jaddou in her official capacity, as she is charged with oversight, administration, and execution of immigration laws of the United States.

13. Defendant TED H. KIM (hereinafter "Associate Director KIM") is the Associate Director of Refugee, Asylum, and International Operations. This suit is brought against Associate Director Kim in his official capacity, as he is charged with supervision over all asylum offices, including the San Francisco Asylum Office, and it requires some applications to be forwarded to headquarters before final adjudication, and may, upon information and belief, have ordered that Plaintiff's case be forwarded to his office for its review.

14. Defendant MATTHEW D. EMRICH (hereinafter "Associate Director Emrich") is the Associate Director of USCIS Fraud Detection and National Security Directorate. This suit is brought against Associate Director Emrich in his official capacity, as he supervises all

USCIS staff who review asylum applications to ensure that immigration benefits are not granted to individuals who pose a threat to national security or public safety, or who seek to defraud the immigration system. Certain applications must be reviewed by the Fraud Detection and National Security Directorate before her final adjudication. Upon information and belief, USCIS has not adjudicated the Plaintiffs' asylum application because the Fraud Detection and National Security Directorate has never completed its review.

## **JURISDICTION**

15. The Administrative Procedure Act recognizes a right of judicial review for any person "suffering legal wrong because of an agency action or aggrieved or adversely affected by such action within the meaning of any relevant statutes." 5 U.S.C. § 702. Plaintiff suffered a legal wrong and continue to suffer because of the Defendants' failure to act upon the pending Asylum application for indefinite periods of time.

16. The Court has jurisdiction over the present action pursuant to 8 C.F.R, § 204, Immigration & Nationality Act § 203 (b)(1)(C); 28 U.S.C. § 1131, 28 U.S.C. § 136, the Mandamus Act; 28 U.S.C §2201, the Declaratory Judgement Act; and 5 U.S.C. §701-706, the Administrative Procedures Act. Costs and attorney fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. §504 and 28 U.S.C. §2412(d), et seq. Relief is requested pursuant to said statutes.

17. The APA also provides pursuant to 5 U.S.C. § 706(1) that courts "shall compel agency action unlawfully withheld." Courts have held that this provision eliminates court discretion to grant relief once an agency has violated a statutory deadline. *See Biodiversity Legal Foundation v.*

*Badgley,* 309 F.3d 1166, 1178 (9th Cir. 2002) (noting that when "Congress has specifically provided a deadline for performance, no balancing of factors is required or permitted."

### VENUE

18. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e), which provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his or her official capacity, or under the color of legal authority, or any agency of the United States, the action may be brought in any judicial district in which a plaintiff resides, so long as no real property is involved in the action. Plaintiff resides in Emeryville, California, which is located in the Northern District of California. No real property is involved in this action. Therefore, venue is proper in this Court.

### EXHAUSTION OF REMEDIES

19. Plaintiff has no administrative remedies. Since Plaintiff Mengyao Liu received her notification to process her biometric information, she received no clear correspondence or communication from Defendant USCIS nor Asylum Office about how much longer she will have to wait for the pending asylum application to be called for an interview. Plaintiff has been waiting over 5 years at this point to have her asylum claim heard at the San Francisco Asylum Office. There are no administrative remedies for neglect of duty.

### CAUSE OF ACTION

20. Pursuant to 8 U.S.C §1158, Plaintiff Mengyao Liu filed an application for Asylum and Withholding of Removal on June 08, 2020.

21. Since filing her Application, Plaintiff Mengyao Liu has not received any concrete indication from the Defendant San Francisco Asylum Office nor USCIS of the date her Asylum interview will be scheduled. Plaintiff Mengyao Liu, therefore, has no way of knowing how much longer the scheduling process will take.

22. Under 28 U.S.C. § 1361, the district courts shall have original jurisdiction of any action in the nature of a mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

23. Under the Administrative Procedures Act, a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

24. Defendants have a statutory duty to adjudicate asylum requests within 180 days of filing pursuant to 8 U.S.C. § 1158 (d)(5)(A)(iii). It has been over 5 years since Plaintiff Mengyao Liu applied for Asylum. Plaintiff have yet to receive an interview date for her case.

25. Plaintiff has no adequate remedy at law, and will continue to suffer irreparable harm if the asylum application is not promptly scheduled.

26. Pursuant to 28 U.S.C. § 1361, this Court has "original jurisdiction in the nature of the mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [Plaintiffs.]"

27. Pursuant to 28 U.S.C. § 1651, this Court may issue any and all "writs necessary or appropriate in aid of [the Court's] respective jurisdiction and agreeable to the usages and principles of law."

**CLAIM FOR RELIEF**

28. Plaintiff's claim in this action is clear and certain. Plaintiff realleges paragraphs 1 through 27, and, as if fully set forth, Plaintiff is entitled to an order in the nature of mandamus to compel Defendants to complete administrative processing and schedule an interview for the pending Asylum application.

29. As a result of the Defendants' failure to adequately perform their duties, Plaintiff has suffered, is suffering, and will continue to suffer irreparable harm. Specifically:

   a. Plaintiff has been irreparably damaged from the fear of not knowing or ability to prepare for her future concerning what will happen with her asylum case for over 5 years. Plaintiff Mengyao Liu has been constantly hoping to have the case scheduled for an interview so her case could then be adjudicated and she can progress with her lives. Due to the abnormally long wait and lack of certainty surrounding when her asylum case will be heard, Plaintiff is enduring significant psychological trauma.

   b. The delay is causing irreparable harm to Plaintiff who is not able to progress with her lives in the United States without fear of being forced to return to China, a country where she was subjected to the Family Planning Policy and forced to have an abortion.

30. The Defendants, in violation of the Administrative Procedure Act, are unlawfully withholding or unreasonably delaying action on Plaintiff Mengyao Liu's application and have failed to carry out the non-discretionary adjudicative functions delegated to them by law with regard to her case.

31. The duty of the Defendants is non-discretionary, ministerial, and so plainly described as to be free from doubt that mandamus is appropriate in this matter.

32. Plaintiff Mengyao Liu has attempted to learn about the status of her pending Asylum and Withholding of Removal application, all to no avail. Only the San Francisco Asylum Office can make decisions on scheduling an asylum interview, leaving no adequate remedy. Accordingly, Plaintiff has been forced to pursue the instant action.

## **PRAYER**

33. WHEREFORE, in view of the arguments and authorities noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court:

a. Accept jurisdiction and maintain continuing jurisdiction in this action;

b. Declare as unlawful the violation by Defendants of failing to act on a properly filed Asylum and Withholding of Removal application;

c. Declare Defendants' failure to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case as agency action unlawfully withheld and unreasonably delayed, pursuant to 5 U.S.C. § 706(1);

d. Issue a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling the Defendants to take action on Plaintiff Mengyao Liu asylum application by scheduling an asylum interview and then timely adjudicating the case subsequent to the interview;

e. Issue a writ in the nature of mandamus pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1), compelling the Defendants to take action on Plaintiff Mengyao Liu' Withholding of Removal Application by scheduling an interview and then timely adjudicating the case subsequent to the interview;

f.   Grant attorney's fees and costs of this suit under the Equal Access to Justice Act, 28 U.S.C. § 2412;

g.   Grant such relief at law and in equity as justice may require.

Dated: June 09, 2025

Respectfully Submitted,

//s//, GIHAN THOMAS

_____

Gihan L. Thomas
Certified Specialist, Immigration and Nationality Law
State Bar of California, Board of Legal Specialization

**LIST OF EXHIBITS TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS MENGYAO LIU V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY ET AL.**

**EXHIBIT**                                                                                                    **PAGES**

**A.** I-589 Application for Asylum.........................................................................................1

**B.** I-589 Asylum Receipt Notice......................................................................... 15

**C.** I-797 Notice of Action - Fingerprint Notification of Plaintiff...................................... 16

**INTRODUCTION**

1. This action is brought by Plaintiff Mengyao Liu, by and through her attorney, to request issuance of a writ of mandamus or in the nature of mandamus and/or to compel under the Administrative Procedure Act ("APA") ordering Defendants and those acting under them to process an Application for Asylum and for Withholding of Removal which was received and pending as of June 08, 2020 and which has still not been called for an interview.

2. On January 26, 2020, Plaintiff Mengyao Liu came to the United States on non-immigrant visa and has stayed in the US ever since. On June 08, 2020, Plaintiff submitted an I-589 Application for Asylum and Withholding of Removal to the San Francisco Asylum Office. *See* **(Exhibit A: I-589 Application for Asylum and Withholding of Removal; Exhibit B: I-589 Receipt Notice)**. Plaintiff Mengyao Liu sought asylum in the United States of America based on her past persecution as a victim of Family Planning Policy in China.

3. After submitting her application for asylum, Defendant USCIS instructed Plaintiff Mengyao Liu to present herself for biometric inspection at a designated USCIS Application Support Center on October 16, 2020. *See* **(EXHIBIT C: I-797 Notice of Action- Fingerprint Notification).** Plaintiff Mengyao Liu did appear at the designated Application Support Center on October 16, 2020 and provided her biometric information.

4. After Plaintiff provided her biometrics information, neither Defendant USCIS nor Asylum Office nor any of the other named Defendants communicated with Plaintiff about the exact date her asylum interview would be scheduled. The Plaintiff has been waiting over 5 years for her interview date at this point. Plaintiff has no way of knowing how much longer she will have to wait in order to testify in support of her application for asylum. Plaintiff Mengyao Liu is unable to plan for her future and is forced to endure the constant uncertainty

of the possibility her application will be denied and referred to The Executive Office for Immigration Review (EOIR).

5. Defendants have violated the Administrative Procedures Act ("APA") by failing to schedule Plaintiff's asylum application for an interview which has been pending now for over 5 years. Plaintiff seek to compel Defendants, through a writ of mandamus, to schedule an interview for the pending asylum application.

## **PARTIES**

6. Plaintiff Mengyao Liu is citizen of China. Plaintiff Mengyao Liu came to the United States on non-immigrant visa on January 26, 2020. Plaintiff filed her I-589 Application for Asylum and Withholding of Removal on June 08, 2020.

7. Defendant UNITED STATES DEPARTMENT OF HOMELAND SECURITY (hereinafter "DHS") is an agency of the United States government involved in the acts challenged, employs the officers named as defendants, and includes the U.S. Citizenship and Immigration Services and San Francisco Asylum Office and officers named as defendants in this complaint.

8. Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (hereinafter "USCIS") is an agency of the United States government under DHS, overseeing the San Francisco Asylum Office and officers named as defendants in this Complaint.

9. Defendant SAN FRANCISCO ASYLUM OFFICE (hereinafter "San Francisco Asylum Office") is an office within USCIS and the federal agency with direct authority and responsibility to adjudicate Plaintiff's asylum application.

3

10. Defendant EMILIA BARDINI (hereinafter "Director Bardini") is the director of the San Francisco Asylum Office. This suit is brought against Director Bardini in her official capacity, as she is charged with overseeing the adjudication of the asylum applications at the San Francisco Asylum Office in a timely manner, and ensuring the efficiency of the officers employed.

11. Defendant KRISTI NOEM (hereinafter "Secretary Noem") is the Secretary of the Department of Homeland Security. This suit is brought against Secretary Noem in her official capacity, as she is charged with the administration and enforcement of all immigration and citizenship laws that are bound in the powers, duties, and functions of the Department of Homeland Security.

12. Defendant UR M. JADDOU (hereinafter "Director Jaddou") is the Director of USCIS, the Agency charged with adjudicating Plaintiff'(s) asylum application. This suit is brought against Director Jaddou in her official capacity, as she is charged with oversight, administration, and execution of immigration laws of the United States.

13. Defendant TED H. KIM (hereinafter "Associate Director KIM") is the Associate Director of Refugee, Asylum, and International Operations. This suit is brought against Associate Director Kim in his official capacity, as he is charged with supervision over all asylum offices, including the San Francisco Asylum Office, and it requires some applications to be forwarded to headquarters before final adjudication, and may, upon information and belief, have ordered that Plaintiff's case be forwarded to his office for its review.

14. Defendant MATTHEW D. EMRICH (hereinafter "Associate Director Emrich") is the Associate Director of USCIS Fraud Detection and National Security Directorate. This suit is brought against Associate Director Emrich in his official capacity, as he supervises all

4

USCIS staff who review asylum applications to ensure that immigration benefits are not granted to individuals who pose a threat to national security or public safety, or who seek to defraud the immigration system. Certain applications must be reviewed by the Fraud Detection and National Security Directorate before her final adjudication. Upon information and belief, USCIS has not adjudicated the Plaintiffs' asylum application because the Fraud Detection and National Security Directorate has never completed its review.

## JURISDICTION

15. The Administrative Procedure Act recognizes a right of judicial review for any person "suffering legal wrong because of an agency action or aggrieved or adversely affected by such action within the meaning of any relevant statutes." 5 U.S.C. § 702. Plaintiff suffered a legal wrong and continue to suffer because of the Defendants' failure to act upon the pending Asylum application for indefinite periods of time.

16. The Court has jurisdiction over the present action pursuant to 8 C.F.R, § 204, Immigration & Nationality Act § 203 (b)(1)(C); 28 U.S.C. § 1131, 28 U.S.C. § 136, the Mandamus Act; 28 U.S.C §2201, the Declaratory Judgement Act; and 5 U.S.C. §701-706, the Administrative Procedures Act. Costs and attorney fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. §504 and 28 U.S.C. §2412(d), et seq. Relief is requested pursuant to said statutes.

17. The APA also provides pursuant to 5 U.S.C. § 706(1) that courts "shall compel agency action unlawfully withheld." Courts have held that this provision eliminates court discretion to grant relief once an agency has violated a statutory deadline. *See Biodiversity Legal Foundation v.*

*Badgley,* 309 F.3d 1166, 1178 (9th Cir. 2002) (noting that when "Congress has specifically provided a deadline for performance, no balancing of factors is required or permitted."

### VENUE

18. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e), which provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his or her official capacity, or under the color of legal authority, or any agency of the United States, the action may be brought in any judicial district in which a plaintiff resides, so long as no real property is involved in the action. Plaintiff resides in Emeryville, California, which is located in the Northern District of California. No real property is involved in this action. Therefore, venue is proper in this Court.

### EXHAUSTION OF REMEDIES

19. Plaintiff has no administrative remedies. Since Plaintiff Mengyao Liu received her notification to process her biometric information, she received no clear correspondence or communication from Defendant USCIS nor Asylum Office about how much longer she will have to wait for the pending asylum application to be called for an interview. Plaintiff has been waiting over 5 years at this point to have her asylum claim heard at the San Francisco Asylum Office. There are no administrative remedies for neglect of duty.

### CAUSE OF ACTION

20. Pursuant to 8 U.S.C §1158, Plaintiff Mengyao Liu filed an application for Asylum and Withholding of Removal on June 08, 2020.

21. Since filing her Application, Plaintiff Mengyao Liu has not received any concrete indication from the Defendant San Francisco Asylum Office nor USCIS of the date her Asylum interview will be scheduled. Plaintiff Mengyao Liu, therefore, has no way of knowing how much longer the scheduling process will take.

22. Under 28 U.S.C. § 1361, the district courts shall have original jurisdiction of any action in the nature of a mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

23. Under the Administrative Procedures Act, a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

24. Defendants have a statutory duty to adjudicate asylum requests within 180 days of filing pursuant to 8 U.S.C. § 1158 (d)(5)(A)(iii). It has been over 5 years since Plaintiff Mengyao Liu applied for Asylum. Plaintiff have yet to receive an interview date for her case.

25. Plaintiff has no adequate remedy at law, and will continue to suffer irreparable harm if the asylum application is not promptly scheduled.

26. Pursuant to 28 U.S.C. § 1361, this Court has "original jurisdiction in the nature of the mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [Plaintiffs.]"

27. Pursuant to 28 U.S.C. § 1651, this Court may issue any and all "writs necessary or appropriate in aid of [the Court's] respective jurisdiction and agreeable to the usages and principles of law."

**CLAIM FOR RELIEF**

28. Plaintiff's claim in this action is clear and certain. Plaintiff realleges paragraphs 1 through 27, and, as if fully set forth, Plaintiff is entitled to an order in the nature of mandamus to compel Defendants to complete administrative processing and schedule an interview for the pending Asylum application.

29. As a result of the Defendants' failure to adequately perform their duties, Plaintiff has suffered, is suffering, and will continue to suffer irreparable harm. Specifically:

   a. Plaintiff has been irreparably damaged from the fear of not knowing or ability to prepare for her future concerning what will happen with her asylum case for over 5 years. Plaintiff Mengyao Liu has been constantly hoping to have the case scheduled for an interview so her case could then be adjudicated and she can progress with her lives. Due to the abnormally long wait and lack of certainty surrounding when her asylum case will be heard, Plaintiff is enduring significant psychological trauma.

   b. The delay is causing irreparable harm to Plaintiff who is not able to progress with her lives in the United States without fear of being forced to return to China, a country where she was subjected to the Family Planning Policy and forced to have an abortion.

30. The Defendants, in violation of the Administrative Procedure Act, are unlawfully withholding or unreasonably delaying action on Plaintiff Mengyao Liu's application and have failed to carry out the non-discretionary adjudicative functions delegated to them by law with regard to her case.

31. The duty of the Defendants is non-discretionary, ministerial, and so plainly described as to be free from doubt that mandamus is appropriate in this matter.

32. Plaintiff Mengyao Liu has attempted to learn about the status of her pending Asylum and Withholding of Removal application, all to no avail. Only the San Francisco Asylum Office can make decisions on scheduling an asylum interview, leaving no adequate remedy. Accordingly, Plaintiff has been forced to pursue the instant action.

## **PRAYER**

33. WHEREFORE, in view of the arguments and authorities noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court:

   a.  Accept jurisdiction and maintain continuing jurisdiction in this action;

   b.  Declare as unlawful the violation by Defendants of failing to act on a properly filed Asylum and Withholding of Removal application;

   c.  Declare Defendants' failure to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case as agency action unlawfully withheld and unreasonably delayed, pursuant to 5 U.S.C. § 706(1);

   d.  Issue a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling the Defendants to take action on Plaintiff Mengyao Liu asylum application by scheduling an asylum interview and then timely adjudicating the case subsequent to the interview;

   e.  Issue a writ in the nature of mandamus pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1), compelling the Defendants to take action on Plaintiff Mengyao Liu' Withholding of Removal Application by scheduling an interview and then timely adjudicating the case subsequent to the interview;

9

f.   Grant attorney's fees and costs of this suit under the Equal Access to Justice Act, 28 U.S.C. § 2412;

g.   Grant such relief at law and in equity as justice may require.


Dated: June 09, 2025

Respectfully Submitted,

//s//, GIHAN THOMAS

_____
Gihan L. Thomas
Certified Specialist, Immigration and Nationality Law
State Bar of California, Board of Legal Specialization

**LIST OF EXHIBITS TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS MENGYAO LIU V. UNITED STATES DEPARTMENT OF HOMELAND SECURITY ET AL.**

**EXHIBIT**                                                                                   **PAGES**

**A.** I-589 Application for Asylum.........................................................................................1

**B.** I-589 Asylum Receipt Notice................................................................................... 15

**C.** I-797 Notice of Action - Fingerprint Notification of Plaintiff...................................... 16

Exhibit A

Department of Homeland Security
U.S. Citizenship and Immigration Services

U.S. Department of Justice
Executive Office for Immigration Review

OMB No. 1615-0067; Expires 09/30/2022

**I-589, Application for Asylum
and for Withholding of Removal**

**START HERE - Type or print in black ink. See the instructions for information about eligibility and how to complete and file this application. There is no filing fee for this application.**

**NOTE:** ☒ Check this box if you also want to apply for withholding of removal under the Convention Against Torture.

### Part A.I. Information About You

| | | |
|---|---|---|
| **1.** Alien Registration Number(s) (A-Number) *(if any)* | **2.** U.S. Social Security Number *(if any)*<br>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 | **3.** USCIS Online Account Number *(if any)* |

| | | |
|---|---|---|
| **4.** Complete Last Name<br>Liu | **5.** First Name<br>Mengyao | **6.** Middle Name<br>None |

**7.** What other names have you used *(include maiden name and aliases)?*
None

**8.** Residence in the U.S. *(where you physically reside)*

| Street Number and Name<br>6104 Wild Fox Ct | | | Apt. Number | |
|---|---|---|---|---|
| City<br>ElkGrove | State<br>CA | Zip Code<br>95757 | Telephone Number<br>( 510 ) 3585129 | |

**9.** Mailing Address in the U.S. *(if different than the address in Item Number 8)*

| In Care Of *(if applicable):*<br>Same as above | | Telephone Number<br>( ) |
|---|---|---|
| Street Number and Name | | Apt. Number |
| City | State | Zip Code |

| | |
|---|---|
| **10.** Gender: ☐ Male  ☒ Female | **11.** Marital Status: ☒ Single  ☐ Married  ☐ Divorced  ☐ Widowed |

| | |
|---|---|
| **12.** Date of Birth *(mm/dd/yyyy)*<br>09/25/1991 | **13.** City and Country of Birth<br>Yichun China |

| | | | |
|---|---|---|---|
| **14.** Present Nationality *(Citizenship)*<br>Chinese | **15.** Nationality at Birth<br>Chinese | **16.** Race, Ethnic, or Tribal Group<br>Han | **17.** Religion<br>Buddhist |

**18.** Check the box, a through c, that applies: **a.** ☒ I have never been in Immigration Court proceedings.

**b.** ☐ I am now in Immigration Court proceedings.   **c.** ☐ I am **not** now in Immigration Court proceedings, but I have been in the past.

**19.** Complete 19 a through c.

**a.** When did you last leave your country? *(mm/dd/yyyy)* 01/26/2020   **b.** What is your current I-94 Number, if any? 462112540A2

**c.** List each entry into the U.S. beginning with your most recent entry. *List date (mm/dd/yyyy), place, and your status for each entry. (Attach additional sheets as needed.)*

| Date | 01/26/2020 | Place | San Francisco | Status | F1 | Date Status Expires | |
|---|---|---|---|---|---|---|---|
| Date | 09/04/2019 | Place | San Francisco | Status | F1 | | |
| Date | 09/14/2018 | Place | San Francisco | Status | F1 | | |

| | | |
|---|---|---|
| **20.** What country issued your last passport or travel document?<br>China | **21.** Passport Number EH1576096 | **22.** Expiration Date *(mm/dd/yyyy)*<br>09/03/2029 |
| | Travel Document Number None | |

| | | |
|---|---|---|
| **23.** What is your native language *(include dialect, if applicable)?*<br>Chinese Mandarin | **24.** Are you fluent in English?<br>☒ Yes  ☐ No | **25.** What other languages do you speak fluently?<br>None |

| For EOIR use only. | For<br>USCIS<br>use only. | Action:<br>Interview Date: _____<br>Asylum Officer ID No.: _____ | Decision:<br>Approval Date: _____<br>Denial Date: _____<br>Referral Date: _____ |
|---|---|---|---|

**1**

Form I-589 (Rev. 09/10/19) N

## Part A.II. Information About Your Spouse and Children

**Your spouse**  ☒  I am not married. (Skip to **Your Children** below.)

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Date of Birth *(mm/dd/yyyy)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Other names used *(include maiden name and aliases)* |

| 9. Date of Marriage *(mm/dd/yyyy)* | 10. Place of Marriage | 11. City and Country of Birth |
|---|---|---|

| 12. Nationality *(Citizenship)* | 13. Race, Ethnic, or Tribal Group | 14. Gender ☐ Male  ☐ Female |
|---|---|---|

15. Is this person in the U.S.?
   ☐ Yes *(Complete Blocks 16 to 24.)*   ☐ No *(Specify location):*

| 16. Place of last entry into the U.S. | 17. Date of last entry into the U.S. *(mm/dd/yyyy)* | 18. I-94 Number *(if any)* | 19. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 20. What is your spouse's current status? | 21. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 22. Is your spouse in Immigration Court proceedings? ☐ Yes  ☐ No | 23. If previously in the U.S., date of previous arrival *(mm/dd/yyyy)* |

24. If in the U.S., is your spouse to be included in this application?  *(Check the appropriate box.)*
   ☐ Yes *(Attach one photograph of your spouse in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)*
   ☐ No

**Your Children.** List **all** of your children, regardless of age, location, or marital status.

☒ I do not have any children. *(Skip to Part. A.III., **Information about your background.**)*

☐ I have children.   Total number of children: _____.

(**NOTE:** *Use Form I-589 Supplement A or attach additional sheets of paper and documentation if you have more than four children.*)

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Gender ☐ Male  ☐ Female |

| 13. Is this child in the U.S. ?   ☐ Yes *(Complete Blocks 14 to 21.)*   ☐ No *(Specify location):* | | | |
|---|---|---|---|
| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings? ☐ Yes  ☐ No | |

21. If in the U.S., is this child to be included in this application?  *(Check the appropriate box.)*
   ☐ Yes *(Attach one photograph of your child in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)*
   ☐ No

**2**

## Part A.II. Information About Your Spouse and Children *(Continued)*

| | | | |
|---|---|---|---|
| **1.** Alien Registration Number (A-Number) *(if any)* | **2.** Passport/ID Card Number *(if any)* | **3.** Marital Status *(Married, Single, Divorced, Widowed)* | **4.** U.S. Social Security Number *(if any)* |
| **5.** Complete Last Name | **6.** First Name | **7.** Middle Name | **8.** Date of Birth *(mm/dd/yyyy)* |
| **9.** City and Country of Birth | **10.** Nationality *(Citizenship)* | **11.** Race, Ethnic, or Tribal Group | **12.** Gender ☐ Male ☐ Female |

**13.** Is this child in the U.S.? ☐ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location):*

| | | | |
|---|---|---|---|
| **14.** Place of last entry into the U.S. | **15.** Date of last entry into the U.S. *(mm/dd/yyyy)* | **16.** I-94 Number *(If any)* | **17.** Status when last admitted *(Visa type, if any)* |
| **18.** What is your child's current status? | **19.** What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | **20.** Is your child in Immigration Court proceedings? ☐ Yes ☐ No | |

**21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*
☐ Yes *(Attach one photograph of your spouse in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)*
☐ No

| | | | |
|---|---|---|---|
| **1.** Alien Registration Number (A-Number) *(if any)* | **2.** Passport/ID Card Number *(if any)* | **3.** Marital Status *(Married, Single, Divorced, Widowed)* | **4.** U.S. Social Security Number *(if any)* |
| **5.** Complete Last Name | **6.** First Name | **7.** Middle Name | **8.** Date of Birth *(mm/dd/yyyy)* |
| **9.** City and Country of Birth | **10.** Nationality *(Citizenship)* | **11.** Race, Ethnic, or Tribal Group | **12.** Gender ☐ Male ☐ Female |

**13.** Is this child in the U.S.? ☐ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location):*

| | | | |
|---|---|---|---|
| **14.** Place of last entry into the U.S. | **15.** Date of last entry into the U.S. *(mm/dd/yyyy)* | **16.** I-94 Number *(If any)* | **17.** Status when last admitted *(Visa type, if any)* |
| **18.** What is your child's current status? | **19.** What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | **20.** Is your child in Immigration Court proceedings? ☐ Yes ☐ No | |

**21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*
☐ Yes *(Attach one photograph of your spouse in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)*
☐ No

| | | | |
|---|---|---|---|
| **1.** Alien Registration Number (A-Number) *(if any)* | **2.** Passport/ID Card Number *(if any)* | **3.** Marital Status *(Married, Single, Divorced, Widowed)* | **4.** U.S. Social Security Number *(if any)* |
| **5.** Complete Last Name | **6.** First Name | **7.** Middle Name | **8.** Date of Birth *(mm/dd/yyyy)* |
| **9.** City and Country of Birth | **10.** Nationality *(Citizenship)* | **11.** Race, Ethnic, or Tribal Group | **12.** Gender ☐ Male ☐ Female |

**13.** Is this child in the U.S.? ☐ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location):*

| | | | |
|---|---|---|---|
| **14.** Place of last entry into the U.S. | **15.** Date of last entry into the U.S. *(mm/dd/yyyy)* | **16.** I-94 Number *(If any)* | **17.** Status when last admitted *(Visa type, if any)* |
| **18.** What is your child's current status? | **19.** What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | **20.** Is your child in Immigration Court proceedings? ☐ Yes ☐ No | |

**21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*
☐ Yes *(Attach one photograph of your spouse in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)*
☐ No

**3**

## Part A.III. Information About Your Background

1. List your last address where you lived before coming to the United States. If this is not the country where you fear persecution, also list the last address in the country where you fear persecution.  *(List Address, City/Town, Department, Province, or State and Country.)*
   *(NOTE: Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Number and Street *(Provide if available)* | City/Town | Department, Province, or State | Country | Dates From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|---|---|
| 6/2/3102 Hebin Garden | Tianjin | Tianjin | China | 01/13 | 09/11 |
| Yuanwei Rd Hebei Qu | | | | | |

2. Provide the following information about your residences during the past 5 years.  List your present address first.
   *(NOTE: Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Number and Street | City/Town | Department, Province, or State | Country | Dates From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|---|---|
| 6104 Wild Fox Ct | Elk Grove | CA | USA | 09/19 | x |
| 1739 Francisco St | Berkeley | CA | USA | 09/11 | 09/19 |
| 6/2/3102 Hebin Garden | Tianjin | Tianjin | China | 01/13 | 09/11 |
| Yuanwei Rd Hebei Qu | | | | | |

3. Provide the following information about your education, beginning with the most recent school that you attended.
   *(NOTE: Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Name of School | Type of School | Location *(Address)* | Attended From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|---|
| Cal Northeast University | University | Elk Grove CA USA | 09/19 | x |
| UC Berkeley | University | Berkeley CA USA | 09/11 | 05/16 |
| Tianjin Xinhua School | Highschool | Tianjin China | 08/08 | 05/11 |
| Tianjin 109 school | Middle school | Tianjin China | 08/05 | 05/08 |

4. Provide the following information about your employment during the past 5 years.  List your present employment first.
   *(NOTE: Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Name and Address of Employer | Your Occupation | Dates From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|
| University of California San Francisco | Junior Specialist | 05/15 | 09/19 |
| University of Berkeley | Research Internship | 05/15 | 05/17 |
| Ivymax Inc | Part time SAT teacher | 09/18 | 09/19 |

5. Provide the following information about your parents and siblings (brothers and sisters). Check the box if the person is deceased.
   *(NOTE: Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Full Name | City/Town and Country of Birth | Current Location |
|---|---|---|
| *Mother* Xiuyun Shen | Heilongjiang China | ☐ Deceased Tianjin China |
| *Father* Zhao Liu | Heilongjiang China | ☐ Deceased Tianjin China |
| *Sibling* None | None | ☐ Deceased None |
| *Sibling* None | None | ☐ Deceased None |
| *Sibling* None | None | ☐ Deceased None |
| *Sibling* None | None | ☐ Deceased None |

**4**

## Part B. Information About Your Application

*(NOTE: Use Form I-589 Supplement B, or attach additional sheets of paper as needed to complete your responses to the questions contained in Part B.)*

When answering the following questions about your asylum or other protection claim (withholding of removal under 241(b)(3) of the INA or withholding of removal under the Convention Against Torture), you must provide a detailed and specific account of the basis of your claim to asylum or other protection. To the best of your ability, provide specific dates, places, and descriptions about each event or action described. You must attach documents evidencing the general conditions in the country from which you are seeking asylum or other protection and the specific facts on which you are relying to support your claim. If this documentation is unavailable or you are not providing this documentation with your application, explain why in your responses to the following questions.

Refer to Instructions, Part 1: Filing Instructions, Section II, "Basis of Eligibility," Parts A - D, Section V, "Completing the Form," Part B, and Section VII, "Additional Evidence That You Should Submit," for more information on completing this section of the form.

1. Why are you applying for asylum or withholding of removal under section 241(b)(3) of the INA, or for withholding of removal under the Convention Against Torture? Check the appropriate box(es) below and then provide detailed answers to questions A and B below.

   I am seeking asylum or withholding of removal based on:

   | | | | |
   |---|---|---|---|
   | ☐ | Race | ☒ | Political opinion |
   | ☐ | Religion | ☐ | Membership in a particular social group |
   | ☐ | Nationality | ☒ | Torture Convention |

A. Have you, your family, or close friends or colleagues ever experienced harm or mistreatment or threats in the past by anyone?

   ☐ No          ☒ Yes

   If "Yes," explain in detail:
   1. What happened;
   2. When the harm or mistreatment or threats occurred;
   3. Who caused the harm or mistreatment or threats; and
   4. Why you believe the harm or mistreatment or threats occurred.

   ```
   Please see attached statement.
   ```

B. Do you fear harm or mistreatment if you return to your home country?

   ☐ No          ☒ Yes

   If "Yes," explain in detail:
   1. What harm or mistreatment you fear;
   2. Who you believe would harm or mistreat you; and
   3. Why you believe you would or could be harmed or mistreated.

   ```
   Please see attached statement.
   ```

**5**

## Part B. Information About Your Application (Continued)

2. Have you or your family members ever been accused, charged, arrested, detained, interrogated, convicted and sentenced, or imprisoned in any country other than the United States (including for an immigration law violation)?

☒ No        ☐ Yes

If "Yes," explain the circumstances and reasons for the action.

3.A. Have you or your family members ever belonged to or been associated with any organizations or groups in your home country, such as, but not limited to, a political party, student group, labor union, religious organization, military or paramilitary group, civil patrol, guerrilla organization, ethnic group, human rights group, or the press or media?

☒ No        ☐ Yes

If "Yes," describe for each person the level of participation, any leadership or other positions held, and the length of time you or your family members were involved in each organization or activity.

3.B. Do you or your family members continue to participate in any way in these organizations or groups?

☒ No        ☐ Yes

If "Yes," describe for each person your or your family members' current level of participation, any leadership or other positions currently held, and the length of time you or your family members have been involved in each organization or group.

4. Are you afraid of being subjected to torture in your home country or any other country to which you may be returned?

☐ No        ☒ Yes

If "Yes," explain why you are afraid and describe the nature of torture you fear, by whom, and why it would be inflicted.

    Please see attached statement.

**6**

## Part C. Additional Information About Your Application

(**NOTE:** *Use Form I-589 Supplement B, or attach additional sheets of paper as needed to complete your responses to the questions contained in Part C.*)

1. Have you, your spouse, your child(ren), your parents or your siblings ever applied to the U.S. Government for refugee status, asylum, or withholding of removal?

   ☒ No          ☐ Yes

   If "Yes," explain the decision and what happened to any status you, your spouse, your child(ren), your parents, or your siblings received as a result of that decision. Indicate whether or not you were included in a parent or spouse's application. If so, include your parent or spouse's A-number in your response. If you have been denied asylum by an immigration judge or the Board of Immigration Appeals, describe any change(s) in conditions in your country or your own personal circumstances since the date of the denial that may affect your eligibility for asylum.

2.A. After leaving the country from which you are claiming asylum, did you or your spouse or child(ren) who are now in the United States travel through or reside in any other country before entering the United States?

   ☒ No          ☐ Yes

2.B. Have you, your spouse, your child(ren), or other family members, such as your parents or siblings, ever applied for or received any lawful status in any country other than the one from which you are now claiming asylum?

   ☒ No          ☐ Yes

   If "Yes" to either or both questions (2A and/or 2B), provide for each person the following: the name of each country and the length of stay, the person's status while there, the reasons for leaving, whether or not the person is entitled to return for lawful residence purposes, and whether the person applied for refugee status or for asylum while there, and if not, why he or she did not do so.

3. Have you, your spouse or your child(ren) ever ordered, incited, assisted or otherwise participated in causing harm or suffering to any person because of his or her race, religion, nationality, membership in a particular social group or belief in a particular political opinion?

   ☒ No          ☐ Yes

   If "Yes," describe in detail each such incident and your own, your spouse's, or your child(ren)'s involvement.

**7**

## Part C. Additional Information About Your Application (Continued)

4. After you left the country where you were harmed or fear harm, did you return to that country?

   ☒ No          ☐ Yes

   If "Yes," describe in detail the circumstances of your visit(s) (for example, the date(s) of the trip(s), the purpose(s) of the trip(s), and the length of time you remained in that country for the visit(s).)

5. Are you filing this application more than 1 year after your last arrival in the United States?

   ☒ No          ☐ Yes

   If "Yes," explain why you did not file within the first year after you arrived. You must be prepared to explain at your interview or hearing why you did not file your asylum application within the first year after you arrived. For guidance in answering this question, see Instructions, Part 1: Filing Instructions, Section V. "Completing the Form," Part C.

6. Have you or any member of your family included in the application ever committed any crime and/or been arrested, charged, convicted, or sentenced for any crimes in the United States (including for an immigration law violation)?

   ☒ No          ☐ Yes

   If "Yes," for each instance, specify in your response: what occurred and the circumstances, dates, length of sentence received, location, the duration of the detention or imprisonment, reason(s) for the detention or conviction, any formal charges that were lodged against you or your relatives included in your application, and the reason(s) for release. Attach documents referring to these incidents, if they are available, or an explanation of why documents are not available.

**8**

## Part D. Your Signature

I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it are all true and correct. Title 18, United States Code, Section 1546(a), provides in part: Whoever knowingly makes under oath, or as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document containing any such false statement or which fails to contain any reasonable basis in law or fact - shall be fined in accordance with this title or imprisoned for up to 25 years. I authorize the release of any information from my immigration record that U.S. Citizenship and Immigration Services (USCIS) needs to determine eligibility for the benefit I am seeking.



**WARNING:** **Applicants who are in the United States unlawfully are subject to removal if their asylum or withholding claims are not granted by an asylum officer or an immigration judge. Any information provided in completing this application may be used as a basis for the institution of, or as evidence in, removal proceedings even if the application is later withdrawn. Applicants determined to have knowingly made a frivolous application for asylum will be permanently ineligible for any benefits under the Immigration and Nationality Act. You may not avoid a frivolous finding simply because someone advised you to provide false information in your asylum application. If filing with USCIS, unexcused failure to appear for an appointment to provide biometrics (such as fingerprints) and your biographical information within the time allowed may result in an asylum officer dismissing your asylum application or referring it to an immigration judge. Failure without good cause to provide DHS with biometrics or other biographical information while in removal proceedings may result in your application being found abandoned by the immigration judge. See sections 208(d)(5)(A) and 208(d)(6) of the INA and 8 CFR sections 208.10, 1208.10, 208.20, 1003.47(d) and 1208.20.**

| Print your complete name. | Write your name in your native alphabet. |
|---|---|
| Liu Mengyao | 刘 梦谣 |

Did your spouse, parent, or child(ren) assist you in completing this application? ☐ No  ☐ Yes *(If "Yes," list the name and relationship.)*

_____  _____    _____  _____
*(Name)*  *(Relationship)*  *(Name)*  *(Relationship)*

Did someone other than your spouse, parent, or child(ren) prepare this application? Y ☐ No  ☐ Yes *(If "Yes,"complete Part E.)*

Asylum applicants may be represented by counsel. Have you been provided with a list of persons who may be available to assist you, at little or no cost, with your asylum claim? × ☐ No  ☐ Yes

Signature of Applicant *(The person in Part A.I.)*

➡ [ *Mengyao Liu* ]          05/29/2020
Sign your name so it all appears within the brackets          Date *(mm/dd/yyyy)*

## Part E.  Declaration of Person Preparing Form, if Other Than Applicant, Spouse, Parent, or Child

I declare that I have prepared this application at the request of the person named in Part D, that the responses provided are based on all information of which I have knowledge, or which was provided to me by the applicant, and that the completed application was read to the applicant in his or her native language or a language he or she understands for verification before he or she signed the application in my presence. I am aware that the knowing placement of false information on the Form I-589 may also subject me to civil penalties under 8 U.S.C. 1324c and/or criminal penalties under 18 U.S.C. 1546(a).

| Signature of Preparer | Print Complete Name of Preparer |
|---|---|
|  | Jay Yang |

| Daytime Telephone Number | Address of Preparer: Street Number and Name |
|---|---|
| ( 626 ) 3100889 | 600 W Main St |

| Apt. Number | City | State | Zip Code |
|---|---|---|---|
| 201 | Alhambra | CA | 91801 |

| To be completed by an attorney or accredited representative (if any). | ☐ Select this box if Form G-28 is attached. | Attorney State Bar Number (if applicable) | Attorney or Accredited Representative USCIS Online Account Number (if any) |
|---|---|---|---|
|  |  |  |  |

**9**

## Part F. To Be Completed at Asylum Interview, if Applicable

**NOTE:** *You will be asked to complete this part when you appear for examination before an asylum officer of the Department of Homeland Security, U.S. Citizenship and Immigration Services (USCIS).*

I swear (affirm) that I know the contents of this application that I am signing, including the attached documents and supplements, that they are ☐ all true or ☐ not all true to the best of my knowledge and that correction(s) numbered ____ to ____ were made by me or at my request. Furthermore, I am aware that if I am determined to have knowingly made a frivolous application for asylum I will be permanently ineligible for any benefits under the Immigration and Nationality Act, and that I may not avoid a frivolous finding simply because someone advised me to provide false information in my asylum application.

Signed and sworn to before me by the above named applicant on:

| | |
|---|---|
| Signature of Applicant | Date *(mm/dd/yyyy)* |
| Write Your Name in Your Native Alphabet | Signature of Asylum Officer |

## Part G. To Be Completed at Removal Hearing, if Applicable

**NOTE:** *You will be asked to complete this Part when you appear before an immigration judge of the U.S. Department of Justice, Executive Office for Immigration Review (EOIR), for a hearing.*

I swear (affirm) that I know the contents of this application that I am signing, including the attached documents and supplements, that they are ☐ all true or ☐ not all true to the best of my knowledge and that correction(s) numbered ____ to ____ were made by me or at my request. Furthermore, I am aware that if I am determined to have knowingly made a frivolous application for asylum I will be permanently ineligible for any benefits under the Immigration and Nationality Act, and that I may not avoid a frivolous finding simply because someone advised me to provide false information in my asylum application.

Signed and sworn to before me by the above named applicant on:

| | |
|---|---|
| Signature of Applicant | Date *(mm/dd/yyyy)* |
| Write Your Name in Your Native Alphabet | Signature of Immigration Judge |

**10**

Asylum Application

My name is Liu Mengyao. I was born on September 25, 1991 in Heilongjiang China. I am single, female, currently 28 years old. I was forced by the family planning authority to undergo an abortion in China because I was pregnant without being married. The abortion caused me unforgettable emotional and physical pain. I am afraid to go back to the country that hurt me so I am applying to the US government for protection.

I came to the U.S. in 2011 to attend UC Berkeley while I was only 19 years old. It was my first time to leave my parents and live alone by myself. I was faced with academic pressure, language barriers, and unfamiliarity with strange environments. My life is full of depression and anxiety; I missed very much the good times at home with my parents. At the most difficult time in my life, my school mate Zhang Fan entered my life. He came to the United States when he was in junior high school. He often encouraged and comforted me; we went to the library together and eat together, the time with him always passed quickly and gradually I was not so sad and homesick. We later because boyfriend and girlfriend.

I returned to China on December 24, 2019 for winter break. After I returned to China, I felt tired, sleepy and no appetite. After the symptom lasted for several days, my mother went with me to a hospital to see a doctor on December 28. The doctor told me that I was pregnant after some lab test was done. I was very surprised; my mother was very upset because pregnancy out of wedlock was considered a shameful thing in China. My mother asked me to call my boyfriend in the United States to see what he planned to do. My boyfriend was very responsible and said that he would marry me immediately after I return to the United States so I could give birth to our child and bring our child up.

On December 30, 2019, someone knocked on my door looking for me while I was home resting. I found 3 men and 1 woman after I opened the door. The woman told me that she was the deputy director of Hebei district family planning office. The hospital notified them about my pregnancy out of wedlock. She said the family planning policy dose not allows pregnancy of our wedlock and they wanted to take me to the hospital for an abortion. I told them that my boyfriend was in the U.S. and I just returned to China from the U.S. because I was attending university there. I came home to visit my parents. I would return to the U.S. in January to get married with my boyfriend and I would not give birth to my baby in China. That woman said to me: I do not care where you boyfriend is and I do not care where you are attending school; you are a Chinese citizen and you are pregnant without being married which is in violation of the national policy. You must have an abortion. I refused to go with them and attempted to close my door. They push the door open and pulled me out of my house. I was extremely scare and screamed on top of my lung but no one showed up to help me.

They took me to Tianjin women and children's hospital by force. At the hospital, they performed abortion procedure on me against my will. They took me home after the abortion and humiliated me by saying: Don't is such an easy woman and get pregnant

**11**

again without knowing who the father is. If you get pregnant again,  it won't be so easy just to have an abortion, we would also fine you.

I could not believe what actually had happened. I spent the rest of my time wondering what exactly had happened. What did I do wrong? Is this country crazy? A woman's right to have a child is under their control? Are women treated less than animals in China?

I could not believe nor accept they way they treated me. I cried for days and then I started to blame myself. I hated myself for going back to China. I hated that I failed to protect my first child in my life; I hated that inhumane and unreasonable country. I really can't believe that in this era, China can still treat women as animals.

My parents were very upset after they learned about what happened to me so they went to reason with the family planning authorities who threatened my parents of losing their jobs and pensions if they have problems with the national policy.


I finally realized that government does not emphasize human rights and justice. The episodes of being arrested and forced abortion constantly emerging in my mind. I am so afraid of them. I will never dare to go back to China again. And I am not willing to go back again. I am now asking the U.S. government for protection. Thank you.


Liu Mengyao

**12**

庇护申请

我叫刘梦遂，1991年9月10号出生于黑龙江。女性，未婚，现年28岁，我在中国因为未婚怀孕而被计生办强制流产。给我身心造成了不可磨灭的伤害，我害怕回去中国那个侵害过我的国家，因此向美国政府申请保护。

我于2011年来美国 UC Berkeley，读书。我当时只有19岁，是人生头一次离开父母独自生活。我那时面临着毕业压力，语言障碍，对陌生的环境的不适应。我的生活充满了焦虑和攻像，每天都无比的想念在家里和父母的美好时光。

在我人生最困难的时候，我的学术张机走进了我的生活，她和中西的保禾的美国。常鼓励我，安慰我，陪我一起去图书馆，一起吃饭，和他充一起的时光是如此的张快，慢慢地我不再那么的想家，我们成了好女朋友。

2019年12月24号我回国圣诞假期，回国后我发烧得很难受，没食欲，嗜睡，持续几天后，在12月28号我妈妈陪我去医院，看到医生给的化验以后，告诉我我怀孕了。我当时觉得很意外，我妈妈也非常的吃惊。在中国，未婚怀孕是一件不光彩的事情，我妈妈说让我给我男朋友打电话，看看他什么打算。那时候我男朋友很有担当，说等我回美国我们马上结婚，说可把孩子生下来抚养。

2019年12月30号上午，我正在家里休息。突然有个人敲门告诉我，找我。我开门以后，发现来了3个陌生人和1个本村大。那几个妇生诉我，她是调北区登记本的副主任。他们接到报告说我未婚怀孕了。她说计生政策不允许未婚怀孕，他们要带我去做医院的流产手术。我告诉他们，我男朋友在美国，这之前都在那边读书，我是回来看父母的，1月份我就回去和我男朋友结婚，不会在中国生孩子，也就不会违反中国的计生政策。那几个女人说，我不管你男朋友在哪里，我也不管你在哪里读大学，你是中国人，你在中国未婚怀孕就是违反了国策必须立刻流产。我不肯跟他们去医院，我尝试把门关上，他们强行把门推开，把我从家里拖出去。我感觉到非常的恐惧，于是大声的呼喊救命，没有任何人敢阻拦他们。

他们他们强行把我带到天津市妇女保健院，在那里，他们违反了我的意愿，强行给我实施了流产手术。手术过程中他们把我送回国家，还用话言威胁我。你看看你说，一下怀上不要这么随便的就怀孕了。还不知道父亲是谁，如果真的，就不年年是流产这么简单的事。

我们还可以对你刮款。

我简直不敢相信发生了什么，我接下来的时间一直在想，到底发生了什么。我到底做错了什么。这个国家是疯了吗？一个女人连生育的权利都要被管控？中国的女人连最基本的权利都没有，连�堕胎都不可以吗？

我始终无法相信和接受他们对我的待遇，我觉得很气大。我陷入了深深的恐惧，我恨我自己回到中国，恨自己没能保护好，生命中的第一个孩子；我更痛恨那个毫无人道，不讲道理的国家。我真的不敢相信在现在这个时代，中国还能把妇女当做如此待遇。

我的父母知道以后也非常的生气。他们去街道计生办交涉。结果，计生办的人威胁他们说，如果再对国家政策有意见，他们将失去工作和退休金。

我深深的体会到了这是一个不讲人权和道理的政府。被抓，被殴辱的那些惊恐在我脑海里不断的浮现，我对他们恐惧到灵魂深处了，我再也不敢待在中国，再也不愿回去中国，请求美国政府给于保护。

谢谢

刘梦遥
2020年5月25日

**14**

Exhibit B

# THE UNITED STATES OF AMERICA

## I-797 | NOTICE OF ACTION | DEPARTMENT OF HOMELAND SECURITY
U.S. CITIZENSHIP AND IMMIGRATION SERVICES



| Receipt Number | Case Type |
|---|---|
| ZSF2045886170 | I589 - APPLICATION FOR ASYLUM AND FOR WITHHOLDING OF REMOVAL |

| Received Date | Priority Date | Applicant  A218 053 446 |
|---|---|---|
| 06/08/2020 | | LIU, MENGYAO |

| Notice Date | Page | |
|---|---|---|
| 09/15/2020 | 1 of 1 | |

MENGYAO LIU
6104 WILD FOX CT
ELK GROVE CA  95757

**Notice Type:** Receipt Notice

### *** ACKNOWLEDGEMENT OF RECEIPT ***

Your complete Form I-589 Application for Asylum and Withholding of Removal was received and is pending as of 06/08/2020. You may remain in the U.S. until your asylum application is decided. If you wish to leave while your application is pending, you must obtain advance parole from USCIS. If you change your address, send written notification of the change within 10 days to the Asylum Office at the below address or using the USCIS Online Change of Address system at https://egov.uscis.gov/coa/displayCOAForm.do. You will receive a notice informing you when you and those listed on your application as a spouse or child dependents must appear at an Application Support Center for biometrics collection. You will also receive a notice informing you when you and those listed on your application as a spouse or dependents must appear for an asylum interview. Those notices will contain instructions for what to bring to your ASC appointment and what to bring to your asylum interview.

WARNING: Failure to appear at the ASC for biometrics collection or for your asylum interview may affect your eligibility for employment authorization, and may also result in the dismissal of your asylum application or referral of your asylum application to an immigration judge.

Alien Number     Name
A218 053 446     LIU, MENGYAO

Please see the additional information on the back. You will be notified separately about any other cases you filed.

San Francisco Asylum Office
U. S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 77530
San Francisco CA 94107
**USCIS Contact Center: www.uscis.gov/contactcenter**



**15**

FORM I-797 [REV. 08/01/16]

Exhibit C



## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| **ASC Appointment Notice** | APPLICATION/PETITION/REQUEST NUMBER<br>ZSF2045886170 | | NOTICE DATE<br>09/26/2020 |
|---|---|---|---|
| CASE TYPE<br>I589 - APPLICATION FOR ASYLUM AND FOR WITHHOLDING OF REMOVAL | ACCOUNT NUMBER | USCIS A#<br>A218 053 446 | CODE<br>3 |

MENGYAO LIU
6104 WILD FOX CT
ELK GROVE CA 95757



To process your application, petition, or request, the U. S. Citizenship & Immigration Services (USCIS) must capture your biometrics.
**PLEASE APPEAR AT THE BELOW APPLICATION SUPPORT CENTER (ASC) AT THE DATE AND TIME SPECIFIED.**

| APPLICATION SUPPORT CENTER | PLEASE READ THIS ENTIRE NOTICE CAREFULLY. |
|---|---|
| USCIS SACRAMENTO | DATE AND TIME OF APPOINTMENT |
| 825 Riverside Parkway Suite 100 | 10/16/2020 |
| West Sacramento CA 95605 | 11:00AM |

**WHEN YOU GO TO THE APPLICATION SUPPORT CENTER TO HAVE YOUR BIOMETRICS TAKEN, YOU MUST BRING:**
1. **THIS APPOINTMENT NOTICE,** and
2. **PHOTO IDENTIFICATION** (e.g. passport, valid driver's license, national ID, military ID, State-issued photo ID, or USCIS-issued photo ID). If you do not have photo identification, please expect a delay.

Customers may not use cameras and recording capable devices (including cell phones) at an ASC. Cell phones should be silenced while in the waiting area and any conversations should be kept to a low level so as not to disrupt others. Customers must completely turn off all phones during biometrics processing.

**NOTE:** USCIS may use your fingerprints to check the criminal history records of the FBI. You may obtain a copy of your own FBI identification record using the procedures outlined within Title 28 C.F.R. Section 16.32. The procedures to change, correct, or update your FBI identification record are outlined within Title 28 C.F.R. Section 16.34. Your fingerprints and photograph may also be used in an Employment Authorization Document (EAD) if you apply for, and are eligible to receive, an EAD.

**NOTE:** If USCIS ASC is **closed** due to inclement weather or for other unforeseeable circumstances, USCIS will **automatically reschedule** your appointment for the next available appointment date and mail you a notice with the new date and time.

**WARNING:** Failure to appear at this biometrics appointment, without good cause, may affect your eligibility for employment authorization. It may also result in dismissal of your asylum application or referral of your asylum application to an immigration judge if you are not currently in removal proceedings. If you are an applicant or eligible dependent in removal proceedings, failure to provide DHS with biometrics as required, except for good cause, may result in a delay in deciding your application or in your application being deemed abandoned and dismissed by the immigration judge.

**CHANGE OF ADDRESS:** You **must** notify USCIS of any change of address within 10 days. Please see the USCIS website at www.uscis.gov/addresschange for instructions to change your address online or to mail a completed Form AR-11, *Alien's Change of Address Card*, to USCIS. This form is also available at any U.S. Post Office or any USCIS office. If you are in removal proceedings, you **must** also notify the Immigration Court within five working days of any change of address or telephone number by filing a completed Form EOIR-33, *Alien's Change of Address Form/Immigration Court*, in accordance with accompanying instructions, available at www.justice.gov/eoir/form-eoir-33-eoir-immigration-court-listing.

**WARNING:** You must update your mailing address with USCIS, and, if applicable, EOIR. Failure to do so may result in dismissal of your asylum application, referral of your asylum application to an Immigration Judge, or if you are already in removal proceedings, an entry of a removal order in your absence if you fail to appear at a hearing before an immigration judge.

### REQUEST FOR RESCHEDULING

❏ **Please reschedule my appointment.** Make a copy of this notice for your records, then mail the original with your request to the Biometrics Processing Unit (BPU), Alexandria ASC, Suite 100, 8850 Richmond Hwy, Alexandria, VA 22309-1586. Once USCIS receives your request, you will be sent a new ASC appointment notice.

APPLICATION NUMBER
I589 - ZSF2045886170



BIOMETRICS PROCESSING STAMP
ASC SITE CODE:
BIOMETRICS QA REVIEW BY:
TEN PRINTS QA REVIEW
ON
ON   OCT 16 2020

If you have any questions regarding this notice, please call 1-800-375-5283.
If you have any questions about your application, please contact the Asylum Office or Immigration Court with jurisdiction over your case.

**WARNING:** *Due to limited seating availability in our lobby area, only persons who are necessary to assist with transportation or completing the biometrics worksheet should accompany you. If you have open wounds or bandages/casts when you appear, the USCIS may reschedule your appointment if it is determined your injuries will interfere with taking your biometrics.*

**16**